NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0327n.06

No. 21-1718

<table>
<tr><td>

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

</td><td>

**FILED**
Aug 09, 2022
DEBORAH S. HUNT, Clerk

</td></tr>
</table>

KENNETH ALLEN,

     Plaintiff - Appellant,

v.

HANOVER INSURANCE GROUP, INC.,

     Defendant - Appellee,

DANELLE WATTS, individually and jointly and severally,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: NORRIS, SUHRHEINRICH, and CLAY, Circuit Judges.

**SUHRHEINRICH, Circuit Judge**. After being seriously injured in an automobile accident in which he was a passenger, Plaintiff Kenneth Allen sought underinsured motorist coverage under his mother's policy with Defendant Hanover Insurance Group. To recover underinsured motorist benefits, the Hanover policy required that "[t]he limits of liability under any bodily injury liability bonds or policies applicable to the 'underinsured motor vehicle' have been exhausted by payment of judgments or settlements." R. 95-4, PID 1210. On January 22, 2019, Allen's counsel sent Hanover a letter representing that the driver's insurer had agreed to pay Allen its policy limits, *i.e.*, that the condition precedent to recovery from Hanover had been met. Sixteen

months later, Hanover learned that Allen did not have such an agreement on January 22, 2019 and denied coverage to Allen based on the policy's fraud exclusion clause. Allen sued. The district court granted summary judgment to Hanover, finding the policy void under the fraud exclusion clause.

On appeal, Allen contends that the district court erred in relying on the January 22 communication because it is an inadmissible settlement negotiation under Federal Rule of Evidence 408. He also argues that the district court erred in granting Hanover leave to amend to add the affirmative defenses of fraud and misrepresentation on the eve of discovery's closure. Last, he claims that it was unfair for the court to strike his motion for summary judgment against Hanover, deny him leave to file another one, while allowing Hanover to file two motions against him.

We have considered the parties' arguments (both in their briefs and at oral argument), studied the record, and reviewed the relevant legal principles. Our plenary and independent review leads to the same conclusions reached by the district court in its careful consideration of the issues presented. We therefore AFFIRM the judgment of the district court for the reasons set forth in its opinion and order granting Hanover's second motion for summary judgment (R. 105), as well as its omnibus opinion and order (R. 80), and opinion and order denying leave to file a summary judgment motion (R. 96).[1]

---

[1] The "final judgment incorporates all interlocutory rulings entered along the way." *Schuler v. Adams*, 27 F. 4th 1203, 1210 (6th Cir. 2022).